IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:17-cv-00215

| | |
|---|---|
| FRESENIUS MEDICAL CARE HOLDINGS, INC. d/b/a FRESENIUS MEDICAL CARE NORTH AMERICA, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **COMPLAINT** |
| TOWN OF LILLINGTON, NO. 1 CHINESE RESTAURANT, AND RESTORATION & RECONSTRUCTION, INC., d/b/a SERVPRO OF SW RALEIGH / CARY / SW WAKE CO., and d/b/a SERVPRO OF RALEIGH / GARNER / ZEBULON, | ) ) ) ) ) ) ) |
| Defendants. | ) |

Plaintiff Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America ("Fresenius"), through undersigned counsel, alleges as follows against Defendants Town of Lillington ("Lillington"), No. 1 Chinese Restaurant ("No. 1 Chinese Restaurant"), and Restoration & Reconstruction, Inc. d/b/a ServPro of SW Raleigh / Cary / SW Wake Co. and d/b/a ServPro of Raleigh / Garner / Zebulon ("Servpro"):

1. Plaintiff, a medical care provider, seeks compensation for extensive damages to Plaintiff's facility caused by Defendant Lillington's negligent actions in maintaining and repairing a sewer line, by Defendant No. 1 Chinese Restaurant's negligent usage of that same sewer line, and by Defendant Servpro's negligent remediation of the sewage flood in Plaintiff's facility.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America is a corporation organized under the laws of Massachusetts, with its principal place of business in Waltham, Massachusetts. Fresenius owns and operates a hemodialysis facility at 1605 S. Main Street in Lillington, North Carolina (the "Facility").

3. Defendant Town of Lillington is a governmental entity organized and existing under the laws of North Carolina.

4. No. 1 Chinese Restaurant is an unincorporated North Carolina business with its principal place of business located at 20 Lillington Square in Lillington, North Carolina. Upon information and belief, No. 1 Chinese was formerly No. 1 Chinese Restaurant, Inc., owned and/or operated by Hou Ben Guo, Chuck Guo, and Tommy Guo.

5. Restoration & Reconstruction, Inc. is a North Carolina corporation with its principal place of business in Wake County, North Carolina. It is a franchisee of the Tennessee corporation ServPro, and it does business under at least two trade names: ServPro of SW Raleigh / Cary / SW Wake Co. and ServPro of Raleigh / Garner / Zebulon Servpro.

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Fresenius is diverse from Defendants Lillington, No. 1 Chinese Restaurant, and Servpro. Additionally, Fresenius has suffered damages in excess of $75,000.00.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events and/or omissions giving rise to the claim occurred in Harnett County, North Carolina, and thus within this jurisdiction.

## FACTUAL ALLEGATIONS

8. Plaintiff Fresenius operates the Facility located at 1605 S. Main St. in Lillington, NC which provides hemodialysis treatment to patients experiencing kidney failure.

9. In June 2014, a sewer line owned and operated by the Town of Lillington became clogged at No. 1 Chinese Restaurant, which is located at 20 Lillington Square, in Lillington, NC, across the street from the Facility.

10. The sewer line became clogged due to No. 1 Chinese Restaurant's continued dumping of grease and kitchen waste in its kitchen drains.

11. In an attempt to remedy the clogged sewer line, Defendant Lillington applied high pressure water to the clog.

12. This application of high pressure water to the sewer line caused raw sewage and kitchen grease to back up and overflow into the Facility. Defendant Lillington's employees were instructed to stop applying the high pressure water because it had caused a backflow into the Facility.

13. As a result, Fresenius was forced to hire Defendant Servpro immediately to begin remediating the flood in Facility that same day.

14. Despite Defendant Servpro's efforts to remediate the flooding damage in the Facility, fungal growth appeared on many surfaces in the Facility, including underneath floor tiles. The fungi began to appear within one (1) month of the sewage intrusion.

15. Plaintiff Fresenius was subsequently forced to consult with an engineering firm, Arcadis U.S., Inc. ("Arcadis") regarding the extensive damage to Facility. Arcadis is an engineering and consulting firm that specializes in remediation of flooded buildings.

16. Arcadis classified the sewage intrusion as a Category 3 black water flood. A Category 3 flood contains raw sewage which can cause severe illness if ingested.

17. Arcadis recommended an intensive remediation to clean the Facility, which Fresenius subsequently undertook. The cost of the remediation by Arcadis was $254,653.00.

**FIRST CLAIM FOR RELIEF**
**(Negligence on the part of Lillington)**

18. Plaintiff re-alleges Paragraphs 1 through 17 of the Complaint and incorporates the same herein by reference as if fully set forth.

19. At all relevant times, Defendant Lillington, through its agents, servants, representatives, and employees maintained and repaired sewer lines within the Town of Lillington, including the sewer line located near the Facility and which is described in Paragraph 9 above.

20. Defendant Lillington, in its proprietary and corporate capacity (including by and through its Public Works division), performed maintenance and/or repairs to its wastewater or sewage distribution sewer located outside the building, in the parking lot of the Food Lion, in Lillington, North Carolina.

21. Defendant Lillington is not entitled to governmental immunity, because it charges and collects a substantial fee for water and sewer service, which the Plaintiff (along with thousands of other customers) paid.

22. Additionally, Defendant Lillington is not entitled to governmental immunity because it also makes a profit on the provision of water and sewer. Upon information and belief, the fees collected for the provision of water and sewer service do more than simply cover the operating costs of the municipal water system.

23. Alternatively, if the Court finds that Defendant Lillington is entitled to any sort of immunity, Plaintiff pleads that the immunity has been voluntarily waived by the purchase of liability insurance or participation in a government risk pool.

24. At the time of the events complained of, Defendant Lillington was providing a service that private individuals and corporations could provide. This includes both the general service of providing water and sewer to residents of the town, as well as the specific service of unclogging and maintaining a shared sewage line.

25. At the time the town was performing these repairs, it was exercising non-governmental powers and was functioning in a capacity similar or identical to a private corporation.

26. Defendant Lillington owed a duty to Fresenius to exercise reasonable care in the maintenance and repair of its sewer lines so as to not damage the property and business interests of its residents, such as Fresenius.

27. Damage to the interior of the Facility was directly and proximately caused by the negligent actions of Defendant Lillington and its agents, employees, representatives, and/or servants in using a high pressure water system to clean out a clogged sewage line in close proximity to the Facility.

28. These negligent actions include, but are not limited to, the acts and omissions of failing to properly maintain the wastewater and sewage system, failing to properly perform repairs to the wastewater and sewage system, failing to warn Plaintiff Fresenius about the dangerous condition created inside the Fresenius building during the clog removal procedure, creating or permitting dangerous conditions to exist in the wastewater distribution system, and

5

otherwise failing to use due care under the circumstances.

29. Had Defendant Lillington properly performed the repairs to the sewage and wastewater distribution system, the flood of the Facility would not have happened. As a result of the flood, Plaintiff's Facility was physical damaged, which required a costly remediation and reconstruction.

30. As a direct and proximate result of Defendant's negligence and carelessness, plaintiff suffered damages in excess of $254,653.00.

## SECOND CLAIM FOR RELIEF
(Violation of 42 U.S.C. § 1983 on the part of Lillington
Denial of Due Process of law)

31. Plaintiff re-alleges Paragraphs 1 through 30 of the Complaint and incorporates the same herein by reference as if fully set forth.

32. As owner and operator of a business, Plaintiff Fresenius has a property interest in the value and enjoyment of the Facility. This interest in real property is sufficient under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to trigger its protections.

33. Defendant Lillington failed to give adequate notice that its decision (and manner and methods) of attempting to clear the wastewater pipe affected Fresenius's use of its property.

34. Defendant Lillington, and its employees were acting under color of state law in accordance with the official policies of the Town to deprive Plaintiffs of their rights, privileges, and immunities secured by the Fifth and Fourteenth Amendments of the United States Constitution and under the Civil Rights Act of 1871, 42 U.S.C. 1983.

35. Plaintiffs' interest in the property was abridged by government actions, taken

6

under the color of law, without the protections of due process under the law. Such due process rights include advance notice of imminent official action which would affect the Plaintiffs' property interest, and would have reasonably made the Plaintiffs aware that the value of their property or their enjoyment of that property would have been affected by the government decisions which were being made.

36. Counties and cities (including Defendant Lillington) are not entitled to sovereign immunity or governmental immunity in actions brought under 42 U.S.C. § 1983.

37. Because Plaintiff Fresenius had insufficient notice of government action, as a direct and proximate result, Plaintiffs have suffered actual damages of at least $254,653.00.

38. Plaintiff Fresenius is entitled to recover its actual costs and attorneys' fees expended as a result of the violations of their civil and constitutional rights by the Town of Lillington, as described above, pursuant to 42 U.S.C. § 1988.

**THIRD CLAIM FOR RELIEF**
**(42 U.S.C. 1983 - Town of Lillington**
**Denial of Just Compensation for an Unlawful Taking)**

39. Plaintiffs reallege Paragraphs 1 through 38 of the Complaint and incorporate the same herein by reference as if fully set forth.

40. Defendant Lillington and its public works employees, were acting under the color of law when they attempted to repair the public sewer line or remove the clog within it.

41. Defendant Lillington could have hired a professional contractor to remove the clog, but instead instructed the Town's own employees to attempt to remove the clog.

42. Defendant Lillington and its employees decided to use a high pressure water system or other inappropriate means or methods to clean out a clogged sewer line in close

7

proximity to the Facility and which is described in Paragraph 9 above.

43. The use, or misuse, of this high pressure water caused raw sewage to backflow through the sewage system and to flood the Plaintiff's medical building.

44. Plaintiff never donated its property to Defendant Lillington for the storage of sewage or wastewater, and Defendant Lillington had no legal right to invade Plaintiff's property with raw sewage.

45. Defendant Lillington appropriated Fresenius's real property when it caused or allowed wastewater to flow, in reverse, from Defendant Lillington's wastewater pipe system onto and into the hemodialysis clinic owned and operated by Fresenius.

46. The backflowing of sewage and untreated wastewater into the Fresenius clinic was a physical invasion of Fresenius's real property.

47. Fresenius never authorized Defendant Lillington to use its property for the storage or flow of untreated sewage and wastewater.

48. Defendant Lillington appropriated this real property by its own actions.

49. Defendant Lillington's actions constitute a public taking of private property, contrary to the Fifth and Fourteenth Amendments to the United States Constitution.

50. Defendant Lillington has failed to justly compensate Fresenius for this taking.

51. Defendant Lillington's refusal to compensate Fresenius for this taking is an improper, unlawful, discriminatory, arbitrary, and capricious effort to deny Fresenius its constitutional rights.

52. Defendant Lillington's taking deprived Plaintiff Fresenius of the use and enjoyment of its building for one (1) day, and caused Plaintiff to expend hundreds of thousands

of dollars to remediate and repair its Facility.

53. As a result of Defendant Lillington's taking of Fresenius's property, the Plaintiff is entitled to compensation in excess of $254,653.00 to vindicate its civil and constitutional rights because of the damage done to the Fresenius clinic during Defendant Lillington's physical invasion of the property, pursuant to 42 U.S.C. §1983.

54. Plaintiffs are entitled to recover their actual costs and attorneys' fees expended as a result of the violations of their civil and constitutional rights by Defendant Lillington, as described above, pursuant to 42 U.S.C. § 1988.

### FOURTH CLAIM FOR RELIEF
**(Inverse Condemnation – Lillington)**

55. Plaintiff re-alleges Paragraphs 1 through 54 of the Complaint and incorporates the same herein by reference as if fully set forth.

56. The Town of Lillington has the power of eminent domain pursuant to North Carolina General Statute § 160A-240.1 and North Carolina General Statute §40A-3(B).

57. Plaintiff owned and operated a business in Lillington.

58. Defendant Lillington has taken an interest in the Fresenius property without filing a declaration of taking or other formal condemnation action.

59. Fresenius never offered or wished that its real property would be used by Defendant Lillington for the storage of sewage or wastewater.

60. Fresenius was never offered compensation for Defendant Lillington's intentional or accidentally expanding its sewage and wastewater treatment system into the Fresenius hemodialysis clinic.

61. Defendant Lillington's actions, with regard to the Plaintiffs and the hemodialysis

9

clinic, deprived the Plaintiffs of their rights, privileges, and immunities secured by the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 19 of the North Carolina Constitution.

62. Defendant Lillington's acts and omissions constitute a taking without just compensation in violation of the United States Constitution and other applicable law.

63. Defendant Lillington's actions have caused a loss of value of the Plaintiff's property of at least $254,653.00.

64. Additionally, Plaintiff is entitled to recover its attorney's fees and costs for bringing this inverse condemnation action to remedy the unlawful and unconstitutional taking of its private property for public use.

## FIFTH CLAIM FOR RELIEF
### (North Carolina Constitution/*Corum* Claim – Lillington)

65. Plaintiff re-alleges Paragraphs 1 through 64 of the Complaint and incorporates the same herein by reference as if fully set forth.

66. Defendant Lillington, while acting as a state actor, is subject to direct causes of action by Plaintiff Fresenius for the violation of the plaintiff's rights secured by the North Carolina Constitution's Declaration of Rights.

67. The North Carolina Constitution, Article I, Section 18, states that "every person for any injury done him in his lands, goods, person, or reputation shall have remedy by due course of law."

68. The North Carolina Constitution, Article I, Section 19, commonly referred to as the "Law of the Land" clause, states that "[n]o person shall be . . . disseized of his freehold, liberties, or privileges . . . or in any manner deprived of his . . . property, but by the law of the

10

land."

69. Section 18 and Section 19 provide the same (or similar) protections to landowners as the Fifth and Fourteenth Amendments to the United States Constitution. These sections of the State Constitution protect Plaintiff from a deprivations or constitutional taking of its real property, without due process of law.

70. This claim for damages under the North Carolina State Constitution is pleaded as an alternative remedy, should the Court find that immunity in any of its various forms exists, and if it does exist (which the Plaintiff denies), then, in that event, Plaintiff has no other adequate remedy at State law and asserts the aforementioned constitutional violations pursuant to North Carolina law.

71. This claim under the North Carolina Constitution is based on the same facts as alleged above.

### SIXTH CLAIM FOR RELIEF
**(Negligence on the part of No. 1 Chinese Restaurant)**

72. Plaintiff re-alleges Paragraphs 1 through 71 of the Complaint and incorporates the same herein by reference as if fully set forth.

73. Defendant No. 1 Chinese owned and operated a Chinese Restaurant directly connected to the sewer line referenced in Paragraph 9 above.

74. Defendant No. 1 Chinese Restaurant owed a duty to Fresenius to exercise reasonable care in disposing of oil and other kitchen waste produced from the restaurant's activities.

75. Defendant No. 1 Chinese Restaurant had knew, or should have known, that disposing of oil and kitchen waste products into the sewer was not allowed in Lillington. On at

least one prior occasion, Defendant Lillington (or one of its subdivisions) had cited No. 1 Chinese for improper disposition of grease and kitchen waste into this same sewer and wastewater pipe. No. 1 Chinese was thus on notice that its behavior was improper and unlawful.

76. Defendant No. 1 Chinese Restaurant breached that duty by negligently emptying kitchen waste down the drain, causing the aforementioned sewer line to become clogged.

77. Damage to the interior of the Plaintiff's Facility was directly and proximately caused by the negligent actions of Defendant No. 1 Chinese Restaurant which resulted in the sewer line becoming clogged. The unclogging of this line subsequently resulted in the flooding of the Facility.

78. As a direct and proximate result of Defendant No. 1 Chinese Restaurant's negligence and carelessness, Plaintiff suffered damages in excess of $254,653.00.

**SEVENTH CLAIM FOR RELEIF**
**(Negligence on the part of Servpro)**

79. Plaintiff re-alleges Paragraphs 1 through 78 of the Complaint and incorporates the same herein by reference as if fully set forth.

80. Defendant Servpro performed the initial flood remediation services on the Facility immediately following the flood.

81. Defendant Servpro owed a duty to Fresenius to provide competent remediation services. Such competent remediation services include ensuring that the initial water damages did not result in additional problems, such as mold.

82. Defendant Servpro breached that duty by failing to adequately remediate the flood and by failing to ensure that water damage underneath the floor tiles of the Facility was remediated.

83. Defendant Servpro directly and proximately contributed to damages to the Facility in excess of $254,653.00.

### EIGHTH CLAIM FOR RELEIF
(Breach of Contract on the part of Servpro)

84. Plaintiff re-alleges Paragraphs 1 through 83 of the Complaint and incorporates the same herein by reference as if fully set forth.

85. Plaintiff Fresenius had a contract with Defendant Servpro.

86. On the day of the flooding, Plaintiff Fresenius called Servpro and asked whether its employees could participate in the clean up and remediation of the Facility.

87. Servpro accepted this offer.

88. Servpro's employees used their skills and equipment to attempt to clean up the flooding.

89. This contract was supported by valuable consideration and Fresenius's promise to pay for the services rendered.

90. Fresenius did, in fact, pay for this work when it received an invoice from Defendant Servpro.

91. Inherent in this contract was an obligation that the disaster or flood remediation would be performed in a workmanlike manner.

92. Inherent in this contract for competent remediation services was ensuring that the initial water damages did not result in additional problems, such as mold.

93. Defendant Servpro's work at the Facility was not in a competent or workmanlike manner.

94. This was a breach of the contract between Servpro and Plaintiff Fresenius.

95. As a result of Servpro's failure to conduct its work in a workmanlike manner, Plaintiff Fresenius was harmed, and Servpro directly and proximately contributed to damages to the Facility in excess of $254,653.00.

WHEREFORE, Plaintiff seeks relief as follows:

1. That this Court enter judgment in favor of Plaintiff, and against the Defendants, jointly and severally, in the amount of $254,653.00 together with interest as by law provided;

2. That Plaintiff recovers its costs, including reasonable attorney's fees, pursuant to the statutes of North Carolina or the United States;

3. That all issues of fact be tried by a jury; and

4. That this Court grant such other and further relief as it deems just and proper.

Respectfully submitted, this the 4th day of May, 2017.

/S/ JONATHAN R. REICH
Reid C. Adams, Jr. (N.C. Bar No. 9669)
Jonathan R. Reich (N.C. Bar No. 41546)
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
One West Fourth Street
Winston-Salem, NC 27101
Phone: (336) 721-3600
Fax: (336) 721-3660
E-mail: cadams@wcsr.com
Email: jreich@wcsr.com
*Counsel for the Plaintiff*