UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:17-CV-00215-BR

| | |
|---|---|
| FRESENIUS MEDICAL CARE HOLDINGS, INC. d/b/a FRESENIUS MEDICAL CARE NORTH AMERICA, <br><br>     Plaintiff, <br><br>v. <br><br>TOWN OF LILLINGTON, et al., <br><br>     Defendants. | ORDER |

This matter is before the court on No. 1 Restaurant at Lillington, Inc.'s ("No. 1 Restaurant at Lillington") motion to dismiss, (DE # 28), plaintiff's motion to strike the affidavit No. 1 Restaurant at Lillington filed in support of its motion, (DE # 37), and plaintiff's motion for entry of default against defendant No. 1 Chinese Restaurant (the "Restaurant"), (DE # 33). The motions have been fully briefed and are ripe for disposition.

Plaintiff is a corporation that owns and operates a hemodialysis facility in Lillington, North Carolina. (DE # 1, at 2.) On 4 May 2017, plaintiff filed the instant action against the Town of Lillington (the "Town"), the Restaurant, and Restoration & Reconstruction, Inc. ("ServPro"). Plaintiff's claims arise from a series of events that began when a sewer line connected to its Lillington facility became clogged in June 2014 due to the "Restaurant's continued dumping of grease and kitchen waste in its kitchen drains." (Id. at 3.) According to plaintiff, the Town attempted to clear the sewer line by applying high pressure water. (Id.) The application of the high pressure water caused raw sewage and kitchen grease to overflow into plaintiff's facility. (Id.) In response, plaintiff hired ServPro to remedy the flood damage. (Id.)

Plaintiff alleges the facility suffered extensive damage, for which plaintiff has paid over $250,000 to remediate. (Id. at 3-4.)

The dispute currently before the court centers on plaintiff's naming of the Restaurant as a defendant. According to plaintiff, the "Restaurant is an unincorporated North Carolina business with its principal place of business located at 20 Lillington Square in Lillington, North Carolina." (Id. at 2.) On 11 August 2017, plaintiff, via a deputy sheriff, personally served Xin Guo with a copy of the complaint and summons directed to the Restaurant. (Aff. of Service, DE # 27; Ex. A, DE # 7-1.)

No. 1 Restaurant at Lillington seeks dismissal of the complaint as to the Restaurant, arguing that because the Restaurant is an unincorporated entity and unincorporated entities lack the capacity to be sued, the court lacks jurisdiction over the Restaurant based on insufficiency of process and service of process and plaintiff has failed to state any claim against the Restaurant. (Mem., DE # 29, at 2-3.) According to No. 1 Restaurant at Lillington, it "was the entity operating the restaurant at 20 Lillington Square at the time of the events alleged in the complaint," (Reply, DE # 40, at 4), and therefore, it, not the Restaurant, is the proper party to this action, (id. at 1). It expressly denies, however, that it operates or ever has operated under the name of the Restaurant. (Mem., DE # 29, at 2.) And, it does not contend that plaintiff, by personally serving Xin Guo, effected service on it.

In response, plaintiff contends that the court should not consider the motion to dismiss because No. 1 Restaurant at Lillington is not a party to this action (nor has it filed a motion to intervene) and cannot seek dismissal on behalf of another business entity that it does not represent. (Resp., DE # 36, at 5-11.) Plaintiff maintains that the Restaurant is properly named as a defendant. (See Mot. Entry Default, DE # 33.) Alternatively, plaintiff challenges the merits of

2

the motion to dismiss under Federal Rules of Civil Procedure 12(b) and 17 and notes that the complaint can be amended to correct a party's name, if necessary. (Resp., DE # 36, at 11-23.) Finally, it requests an award of costs and fees. (Id. at 23.)

The court agrees with plaintiff that it is not appropriate for the court to consider No. 1 Restaurant at Lillington's filings. No. 1 Restaurant at Lillington is not the entity that plaintiff sued nor does it claim to be operating as the entity plaintiff sued or served. Rather, it seeks dismissal of the complaint on behalf of a named party. Given plaintiff and No. 1 Restaurant at Lillington's disagreement over whether the Restaurant or No. 1 Restaurant at Lillington is a proper defendant, the court will deny the motion to dismiss.[1] See Breyan v. U.S. Cotton, LLC Long Term Disability Plan, No. 3:12-cv-491-RJC-DCK, 2013 WL 3466893, *2-3 (W.D.N.C. July 10, 2013) (where the movant was not a named party and claimed it was the correct party, which the plaintiff disputed, holding "the Court cannot grant a Motion to Dismiss filed by a company that is not a party to the case"); Housey v. Carolina First Bank, 890 F. Supp. 2d 611, 615, 620 (W.D.N.C. 2012) (recognizing that a non-party cannot seek relief on behalf of a party). The court declines to award plaintiff its cost and fees incurred in responding to the motion. Further, because the court did not consider the affidavit No. 1 Restaurant at Lillington filed in support of its motion, the court will deny plaintiff's motion to strike the affidavit as moot.

As for plaintiff's motion for entry of default against the Restaurant, No. 1 Restaurant at Lillington has filed a response in opposition, (DE # 44), as well as an answer to the complaint, (DE # 41). Again, plaintiff objects to the court's consideration of No. 1 Restaurant at Lillington's arguments. (Reply, DE # 46.) Because No. 1 Restaurant at Lillington is not a party

---

[1] The court expresses no opinion on whether the Restaurant or No. 1 Restaurant at Lillington is the proper party. The court also notes that plaintiff proceeds potentially at its peril if it has in fact named the wrong party and its complaint is not amended.

3

to this action, the court disregards its response to plaintiff's motion and its answer. Plaintiff personally served Guo with a copy of the complaint and summons directed to the Restaurant, (Aff. of Service, DE # 27), and subsequently with the motion for entry of default, (Mot. Entry Default, DE # 33, at 4). Plaintiff has shown that the Restaurant has failed to plead or otherwise defend itself. See Fed. R. Civ. P. 55(a). Accordingly, plaintiff's motion for entry of default will be allowed.[2] See id.

For the foregoing reasons, No. 1 Restaurant at Lillington's motion to dismiss is DENIED. Plaintiff's motion to strike is DENIED AS MOOT. Plaintiff's motion for entry of default is ALLOWED, and the Clerk is DIRECTED to enter default as to defendant No. 1 Chinese Restaurant.

This 24 September 2018.

_____
W. Earl Britt
Senior U.S. District Judge

---

[2] The entry of default and any entry of default judgment against the Restaurant does not lead to the inescapable conclusion that plaintiff could enforce that judgment against No. 1 Restaurant at Lillington.