IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-215-BR

| | | |
|---|---|---|
| FRESENIUS MEDICAL CARE HOLDINGS, INC. doing business as FRESENIUS MEDICAL CARE NORTH AMERICA, | ) ) ) ) | |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) | |
| TOWN OF LILLINGTON, et al., | ) ) | |
| Defendants. | ) | |

This matter is before the court on the motion for default judgment filed by plaintiff Fresenius Medical Care Holdings, Inc. ("Fresenius"), (DE # 54), as well as the motion to set aside entry of default filed by the remaining defendant, No. 1 Chinese Restaurant ("No. 1 Chinese"), (DE # 57). No. 1 Chinese filed a response in opposition to Fresenius' motion for default judgment, (DE # 60), and Fresenius filed a reply, (DE # 61). Fresenius also filed a response in opposition to No. 1 Chinese's motion to set aside default, (DE # 59). No. 1 Chinese filed a motion for leave to file a reply (out of time) to this response, along with its reply, (DE ## 62, 63). These motions are ripe for disposition.

### I.  BACKGROUND

The parties dispute the propriety of Fresenius naming No. 1 Chinese as a defendant in this action. According to Fresenius, "[No. 1 Chinese] is an unincorporated North Carolina business with its principal place of business located at 20 Lillington Square in Lillington, North Carolina." (DE # 1, at 2.) According to No. 1 Chinese, No. 1 Restaurant at Lillington, Inc.

("No. 1 at Lillington"), owned by Mei Feng Xiao, is actually the entity which has operated at 20 Lillington Square since 2009.[1]  (DE # 57, at 1–2.)

On 4 May 2017, Fresenius filed this action alleging damages to its facility resulting from a clogged sewer line, allegedly caused by "[No. 1 Chinese's] continued dumping of grease and kitchen waste in its kitchen drains."  (DE # 1, at 3.)  On 11 August 2017, Fresenius served Xin Hua Guo, Xiao's wife, with a copy of the complaint and summons directed to No. 1 Chinese.  (DE ## 27, 27-1.)

Xiao immediately hired Edgar Bain as counsel for No. 1 at Lillington, who wrote Fresenius' attorney on 14 August 2017.  (DE # 57, at 4; DE # 57-5.)  The letter informs Fresenius' attorney that No. 1 Chinese is "a non-existent entity" and suggests correcting the pleadings accordingly.  (DE # 57-5.)  On 30 August 2017, Kevin Chignell, insurance defense counsel for No. 1 at Lillington, also informed Fresenius' attorney that No. 1 at Lillington has operated the restaurant at 20 Lillington Square since 2009.  (See DE # 57-6.)  Chignell likewise suggested that Fresenius amend its complaint to add No. 1 at Lillington as a defendant and offered to accept service on its behalf.  (Id. at 4–5.)  Additionally, on 31 August 2017, No. 1 at Lillington filed a motion to dismiss the complaint, contending that it "was the entity operating the restaurant at 20 Lillington Square at the time of the events alleged in the complaint," (DE # 40, at 4), and therefore that it is the proper party to this action, (id. at 1).

Nonetheless, on 14 September 2017, Fresenius moved for entry of default as to No. 1 Chinese, sought to strike the affidavit of Xiao—filed in support of No. 1 at Lillington's motion to dismiss—and urged the court not to consider the motion of non-party No. 1 at Lillington.  (See

---

[1] Mei Feng Xiao's sworn testimony is that he opened a restaurant in 2002 as a sole proprietorship and operated under the name "No. 1 Chinese Restaurant," but later incorporated a business as "No. 1 Restaurant at Lillington, Inc." in 2009.  (DE # 57-2, at 1–2.)

DE ## 33, 36, 37.) On 24 September 2018, this court, deeming it inappropriate to consider filings from a non-party, denied No. 1 at Lillington's motion to dismiss. (DE # 52.) The court also granted entry of default against No. 1 Chinese, which had not yet made any appearance in the case. (Id.) Thereafter, on 30 October 2018, Fresenius filed its motion for default judgment and No. 1 Chinese filed its motion to set aside default, its first filing in this litigation. (DE ## 54, 57.)

## II. ANALYSIS

The court first considers No. 1 Chinese's motion to set aside default. In reviewing this motion, the court did not consider the untimely reply brief filed by No. 1 Chinese, (DE # 62). As such, the motion for leave to file the reply brief, (DE # 63), will be denied as moot.

No. 1 Chinese contends good cause exists to set aside the entry of default because: (1) No. 1 Chinese was not properly served; (2) Fresenius is knowingly proceeding against the wrong party; and (3) No. 1 Chinese has multiple meritorious defenses. (DE # 57, at 6–7.) To the contrary, Fresenius contends default should not be set aside because No. 1 Chinese: (1) deliberately took a "wait and see" approach; (2) was properly served; and (3) lacks any meritorious defenses. (See DE # 59.)

Federal Rule of Civil Procedure 55(c) allows an entry of default to be set aside "for good cause." Fed. R. Civ. P. 55(c). "Rule 55(c) motions must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" Colleton Preparatory Acad., Inc. v. Hoover Universal, 616 F.3d 413, 421 (4th Cir. 2010) (internal citation omitted) (quoting Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987)). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Id. at 417 (citations

omitted). As such, the district court retains wide discretion, "which must be liberally exercised," when providing relief under Rule 55(c). United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

> When considering a Rule 55(c) motion, the court should consider:
>
> whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

Colleton Preparatory, 616 F.3d at 417 (citing Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204–05 (4th Cir. 2006)). In applying these factors, the court should resolve all doubts in favor of hearing the case on the merits. Vick v. Wong, 263 F.R.D. 325, 329 (E.D. Va. 2009) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969)).

**1. Meritorious Defense**

Establishing a meritorious defense requires only "a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." Moradi, 673 F.2d at 727 (citing Central Operating Co. v. Util. Workers of Am., 491 F.29 245, 252 n.8 (4th Cir. 1974)); see also Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988) ("The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default.") (internal quotations omitted). Here, No. 1 Chinese proffers multiple defenses, including one based on the statute of limitations. (See DE # 57, at 11.) Specifically, No. 1 Chinese contends that the incident at issue in this negligence action "occurred, was discovered, and was (at least partially) remediated on April 21, 2014." (Id. at 12). In support of this position, No. 1 Chinese provides citation to and a copy of Fresenius' responses to requests for admission, which seemingly confirm the same. (Id.; DE # 57-7.) As such, No. 1 Chinese asserts

4

the claim, filed on 4 May 2017, is barred by North Carolina's three-year statute of limitations. (DE # 57, at 12.) Fresenius contends "any defense [No. 1 Chinese] raises based on purported timing issues is barred by the doctrine of equitable estoppel." (DE # 59, at 17.) While this may raise a factual dispute, "disputed factual questions should be resolved in the defaulting party's favor." McKesson Medical-Surgical, Inc. v. Flower Orthopedics Corp., No. 3:17-CV-631, 2018 U.S. Dist. LEXIS 26127, at *10 (E.D. Va. Feb. 16, 2018) (citations omitted). No. 1 Chinese has presented sufficient evidence, "which, if believed," would allow a ruling in its favor. See Moradi, 673 F.2d at 727. Accordingly, this factor weighs in its favor.

**2. Reasonable Promptness, Responsibility, and Dilatory Action**

"[T]he party's responsibility for the default, including whether the party took reasonably prompt action," "is evaluated 'in light of the facts and circumstances'" of the case. Vick, 263 F.R.D. at 330 (quoting Moradi, 673 F.2d at 727). While no specific time limit exists, in Lolatchy, the Fourth Circuit allowed a case to proceed on the merits despite the moving party's ten-month delay before filing its motion to set aside. Lolatchy, 816 F.2d at 952. Here, No. 1 Chinese moved to set aside default thirty-six days after the court entered it. (See DE ## 52, 57.) The individual involved in the subject businesses—Mei Feng Xiao—hired an attorney within days of his wife being served with the complaint. (DE # 57, at 4.) Xiao, through his attorneys, immediately communicated to Fresenius his contention that No. 1 Chinese no longer existed and urged Fresenius to amend its pleadings in order to add No. 1 at Lillington as a defendant. (See DE # 57, at 9–10.)

Fresenius asserts the court should proceed with judgment "when a party's own professed litigation strategy is 'to do nothing and let them proceed to judgment . . . .'" (DE # 59, at 3 (quoting Letter from Bain (DE # 57-2).) This statement however, was not made by a party to

5

this lawsuit, but by the attorney for No. 1 at Lillington.[2] (See DE # 59-2.) Additionally, when considering personal responsibility, the Fourth Circuit has repeatedly held that defaulting defendants are not personally responsible for defaults caused by their attorneys. See Lolatchy, 816 F.2d at 952–53; Moradi, 673 F.2d at 727–28. While Fresenius contends default is proper due to "[d]efendant's ill-advised litigation strategy"[3] and history of dilatory action, the record reveals that Xiao, through counsel and on behalf of his corporation, has not attempted to avoid this litigation, but has instead sought to be properly added to it. (DE # 59, at 4; See DE # 57, at 4–5.). Further, neither No. 1 at Lillington nor No. 1 Chinese have filed untimely motions or requests for extension of time seeking to delay this litigation. See Johnson v. Brock & Scott, PLLC, 2012 U.S. Dist. LEXIS 140713, at *16 (E.D.N.C. 2012) (considering whether the defaulting party had missed filing deadlines or repeatedly sought extensions); McKesson, 2018 U.S. Dist. LEXIS 26127 at *21 (considering whether defendant's filings, since making its appearance, were timely). Given the circumstances of this case, Xiao took reasonably prompt action to communicate with Fresenius and oppose the entry of default through the only entity he contends is operational.

3. **Prejudice to Plaintiff and Availability of Sanctions**

Citing the delay and "substantial" costs incurred "in its attempts to resolve this matter and proceed without Defendant's cooperation," Fresenius contends it "will undoubtedly be prejudiced if entry of default is set aside." (DE # 59, at 19–20.) Delay and inconvenience do not alone constitute prejudice. Colleton Preparatory, 616 F.3d at 418. "Moreover, as obvious as it

---

[2] This statement was also made after No. 1 at Lillington had filed a motion to dismiss, (DE # 28), an answer, (DE # 41), and a response in opposition to Fresenius' motion for entry of default, (DE # 44). None of these filings were considered by the court in entering default against No. 1 Chinese. (DE # 52.) Thus, No. 1 at Lillington's purported strategy "to do nothing and let [plaintiff] proceed to judgment" came after its attempts to prevent default against No. 1 Chinese and the court's ruling that No. 1 at Lillington had no standing to do so. (See DE # 59-2.)
[3] Fresenius repeatedly asserts that "defendant" took such approaches. (See, e.g., DE # 59, at 4.) However, in support of these contentions, Fresenius often cites statements of Baine and Chignell, counsel for No. 1 at Lillington.

may be, it bears mention that no cognizable prejudice inheres in requiring a plaintiff *to prove* a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." Id. at 419 (emphasis in original).

Fresenuis also highlights "defendant's" refusal to accept service and participate in discovery, which the court may consider in its prejudice analysis. (DE # 59, at 20.) See also Vick, 263 F.R.D. at 330–31. While the named defendant, No. 1 Chinese, did not participate in discovery nor did its purported owner, Xiao, accept service on its behalf, (DE # 57-2, at 2–3.), Xiao and No. 1 at Lillington attempted to communicate with Fresenius throughout this process. (DE ## 57-5, 57-6.) Fresenius made a choice to continue its pursuit of No. 1 Chinese, despite Xiao's assertion that the entity no longer exists. Fresenuis has not demonstrated that it will be prejudiced beyond "having to shoulder the continuing costs of litigation if this default is set aside." Vick, 263 F.R.D. at 331 (citation omitted). Additionally, while alternative sanctions, such as monetary fines, may be available, such sanctions would not be effective to incentivize an allegedly defunct entity to defend the charges against it. See id.

Considering the circumstances as a whole and resolving all doubts in favor of setting aside default, the court finds good cause exists to set aside the 24 September 2018 entry of default. Accordingly, the court will allow No. 1 Chinese to proceed to defend this case on the merits.

### III. CONCLUSION

No. 1 Chinese's motion for leave to file reply, (DE # 63), is DENIED as moot. No. 1 Chinese's motion to set aside default, (DE # 57), is GRANTED. The 24 September 2018 entry of default is VACATED. As such, Fresenuis' motion for default judgment, (DE # 54), is

DENIED as moot. No. 1 Chinese shall file its answer or responsive motion within 30 days from the date of this order.

This 10 May 2019.

                                                                  _____
                                                                        W. Earl Britt
                                                                        Senior U.S. District Judge